Armour Fertilizer Works, Plaintiff and Appellant, *v.* José H. Ramírez, Defendant and Appellee.

No. 7372.   Argued November 12, 1937.—Decided January 25, 1938.

*R. Buscaglia* for appellant.   *Susoni & Defendini* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

A district court ordered the "attachment" of "any and all remainder to the amount sought to be recovered herein that might be left to defendant on liquidation of the contract for agricultural advances, and for the grinding of cane entered into with the Loíza Sugar Co. for the grinding seasons of 1934–36 inclusive." The order provided for the issuance by the secretary of a writ to be served on the Loíza Sugar Co. and for notice to the defendant, Ramírez. Ramírez accepted service of a notice addressed to him by the secretary. The writ was issued by the secretary of the court and served by the marshal on the secretary of the Loíza Sugar Co. by leaving with him a copy thereof. By the terms of the writ, the Loíza Sugar Co. was notified of the "attachment" and was required to abstain from paying to defendant any and all remainder, to the amount sought to be recovered, which might be left to defendant on liquidation of the contract for agricultural advances and for the grinding of cane entered into with the said company for the

grinding seasons of 1934–36 inclusive, and to deposit in the office of the secretary of the court, subject to the result of the pending action, such remainders, if any, during the said grinding seasons.

Defendant moved to vacate the "attachment" on the following grounds:

"*Third.*—That said attachment was made through a notification served by the secretary of this court, and not by the marshal of this court, who is the only officer authorized by law to execute attachments on personal property.

"*Fourth.*—Because plaintiff attached unliquidated sums which, at the time of the attachment, were not at the disposal of defendant.

"*Fifth.*—Because, under the special law dealing with the matter, the attachment of personal property is made by placing the chattel in the possession of the court or of a third person designated by the court, under the responsibility of the plaintiff—the truth being, in this case, that the court at no time designated a person to take charge of the money, attachment of which was attempted, said sum of money being unliquidated at the date of the attachment and in the possession of the Loíza Sugar Company without the latter, or any other person, having been designated as custodian, as provided in Section 10 of the above mentioned law dealing with the Securing of the Effectiveness of Judgments."

The district judge sustained the first of these grounds, set forth as paragraph third of defendant's motion but did not pass upon the second and third, set forth as paragraphs fourth and fifth. The brief for appellant contains no discussion of the second and third grounds. Appellee has filed no brief.

The so called "attachment" was not so much an attachment in the ordinary sense of the word as it was a garnishment. Whether the balance, which may result in favor of a cane grower on liquidation of a contract for agricultural advances and for the grinding of cane, is subject to garnishment is an important question which should be decided in the first instance by the district court after adequate argument. We shall not, of our own iniciative and without

the aid of counsel, pass upon it at this time. The district judge, as we have shown, was mistaken in his assumption that the writ of attachment had been served on the Loíza Sugar Co. by the secretary, not by the marshal. The only ground upon which he based his order dissolving the "attachment" therefore did not exist. If notice to defendant was required, the full and formal notice in writing personally served upon him by the secretary was enough.

The order appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila took no part in the decision of this case.